**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN ILLINOIS**

| | | |
|---|---|---|
| TRUSTEES OF THE AUTOMOBILE MECHANICS' INDUSTRY WELFARE AND PENSION FUNDS OF THE INTERNATIONAL ASSOCIATION OF MECHANICS AND AEROSPACE WORKERS AFL-CIO, LOCAL 701, | ) ) ) ) ) ) | |
| Plainiff, | ) | 09 CV 4816 |
| v. | ) ) | Hon. Charles R. Norgle |
| PETE SAVIANO'S AUTOMOBILE REPAIR, INC., | ) ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR DEFAULT AND JUDGMENT ORDER IN A SUM CERTAIN AND FOR A TURN OVER ORDER

Plaintiff , the TRUSTEES OF THE AUTOMOBILE MECHANICS' INDUSTRY WELFARE AND PENSION FUNDS OF THE INTERNATIONAL ASSOCIATION OF MECHANICS AND AEROSPACE WORKERS AFL-CIO, LOCAL 701, by and through their attorneys, ARNOLD and KADJAN and L. STEVEN PLATT, move as follows:

1. Defendant was served by personally on August 21, 2009.

2. Proof of service was filed with this court on August 27, 2009 and is attached hereto as Exh. A.

3. Defendant has failed to appear or otherwise plead.

4. Defendant owes the plaintiff funds $9,585.00 in pension and welfare funds as more fully set forth in the attached affidavit of Paul Neumann the Controller of the plaintiff funds and in the proposed draft judgment order. Exh. B.

5. In addition, the plaintiff funds are entitled to attorneys fees and costs under ERISA, 29 USC § 1132(g) but that amount is not yet fixed as this case is not yet concluded.

6. In addition, the plaintiff funds are entitled to a penalty of 20% on the unpaid fringe benefits due under 29 USC § 1132(g).

7. In addition, defendant has not yet submitted to a payroll fringe benefit audit as required by contract so that the funds can determine whether defendant owes additional money besides the amounts that the funds believe defendant owes.

WHEREFORE , plaintiffs ask for the following judgment order:

A. An order of judgment in favor of the plaintiff Pension fund and against the defendant Saviano in the amount of $2,799.50;

B. An order of judgment in favor of the plaintiff Welfare fund and against the defendant Saviano in the amount of $6,785.50;

C. An award of 20% in penalties against Saviano for those amounts totaling an additional $1,917.00;

D. An order directing defendant to pay the plaintiffs their costs and fees in an amount to be determined at a later date;

E. An order that defendant's owner, Pete Saviano, turn over the company's books and records to permit an audit within 30 days of this order to permit an audit of the company records from the period of September 3, 2003 through the present consisting of:

1. All books and records

2. All accounting ledgers

3. All bank account information and cancelled checks

4. All invoices to customers

5. All profit and loss statements

6. All financial statements

7. All corporate tax returns

8. All payroll tax returns and quarterly payroll tax filings

9. All 1099s and W-2 forms

10. All union reporting forms

11. All MPR forms submitted to any unions

12. All sales tax receipts

13. All records of any kind and sort that show what was spent by the business and what was earned by the business during that time period

F. The records are to be turned over to the offices of Arnold and Kadjan or arrangements are to be made to do so or to schedule an appointment with the funds auditor.

**Respectfully Submitted**
**TRUSTEES OF THE AUTOMOBILE**
**MECHANICS INDUSTRY PENSION AND**
**WELFARE FRINGE BENEFIT FUNDS**

**BY:** /s/ L. STEVEN PLATT

L. Steven Platt
ARNOLD AND KADJAN
19 W. Jackson 3rd Flr.
Chicago, IL 60604
(312) 236-0415